# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-03746

Jevon Makeba, PLAINTIFF(S),

v.

Elements Insurance, DEFENDANT(S)

## SUMMONS

THIS SUMMONS IS DIRECTED TO Elements Insurance . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court, 3 Pemberton Sq. (address), by mail or in person, **AND**
    b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 43 Bowdoin St. Apt A. Boston, MA. 02114

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request** a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _February 6_, 20_18_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_In hand to Beth Patten on behalf of Clemens Insurance at 745 Atlantic Avenue_

Dated: _February 6_, 20_18_       Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

February 6, 2018

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18-03746

___Javon Malveoa___, PLAINTIFF(S),

v.

___Yanna Harris___, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO ___Yanna Harris___. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the ___Suffolk Superior___ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, ___Superior___ Court, ___3 Pemberton Sq.___ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: ___43 Bowdoin St. Suite A. Boston MA. 02114___

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically request a jury trial** in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _February 6_, 20_18_, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_In Hand To Zadt Patten____ on Behalf of Varna Walls_
_At 745 Atlantic Ave_____

Dated: _February 6_, 20_18_     Signature: _____

N.B.    TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

    ┌─────────────────────────┐
    │   February 6, 2018      │
    └─────────────────────────┘

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Jaron Malerba ADDRESS: | | COUNTY Suffolk |
| | DEFENDANT(S): | Elements Insurance, LLC and Yanna Harris, individually |
| ATTORNEY: John Regan ADDRESS: 43 Bowdoin Street, Suite A Boston, MA 02114 | | ADDRESS: |
| BBO: 684326 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| F A04 | Non payment of Wages (overtime) | | ☑ YES  ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................. $ _____
  2. Total doctor expenses ............................................................................................... $ _____
  3. Total chiropractic expenses ...................................................................................... $ _____
  4. Total physical therapy expenses .............................................................................. $ _____
  5. Total other expenses (describe below) ..................................................................... $ _____
                                                                                     Subtotal (A): $ _____

B. Documented lost wages and compensation to date ................................................... $ _____
C. Documented property damages to dated .................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses .................................. $ _____
E. Reasonably anticipated lost wages ............................................................................. $ _____
F. Other documented items of damages (describe below) ............................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s): Plaintiff not paid overtime for 2 1/2 years.

TOTAL: $ 75,000

Signature of Attorney/Pro Se Plaintiff: X                                                                 Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X  /s/ John Regan                                                    Date:

# CIVIL ACTION COVER SHEET INSTRUCTIONS
# SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                            SUPERIOR COURT DEPARTMENT
                                                        OF THE TRIAL COURT

| | |
|---|---|
| JARON MALERBA; <br><br> Plaintiff, <br><br> v. <br><br> ELEMENTS INSURANCE, LLC; <br> YANA HARRIS, individually; <br><br> Defendants. | C.A. No. |

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

The Plaintiff Jaron Malerba, for his complaint and jury demand against Elements Insurance, LLC and Yana Harris, individually (collectively, the "Defendants"), states as follows:

### PARTIES

1. The Plaintiff Jaron Malerba (the "Plaintiff" or "Mr. Malerba") is an individual residing in Winthrop, MA. The Defendants employed Mr. Malerba in Boston, Massachusetts from on or about April 23, 2015 until on or about September 6, 2017 as an inside sales employee.

2. The Defendant Elements Insurance, LLC ("Elements") is a domestic profit corporation with a principal office located at 745 Atlantic Avenue, 8th Floor Boston, MA 02111.

3. The Defendant Yana Harris ("Ms. Harris") is the General Manager of Elements as well as, upon information and belief, its owner. Throughout Mr. Malerba's tenure, Ms. Harris managed the day-to-day operations of Elements, including payroll and Human Resources, and supervised Mr. Malerba.

## JURISDICTION

4. This action arises under Massachusetts General Laws c. 149, §§ 148, 150; c. 151, §§ 1, 1A-1B as well as 29 U.S.C. 207(a)(1) (hereinafter referred to as the "Fair Labor Standards Act").

5. The Court has original jurisdiction over this action, as it is a civil action where more than $25,000 is in controversy.

6. In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wage and Workplace Complaint Form was filed for the Plaintiff with the Massachusetts Office of the Attorney General prior to initiating this action.

7. Venue in Suffolk County Superior Court is proper because the facts that give rise to this complaint predominantly took place in Boston, MA.

## FACTS

8. Elements operates an insurance company in Boston, MA where it sells insurance products to the general public. Elements is not a business that is engaged in the sale of products at retail. Indeed, regulations issued by the United States Department of Labor state that "transactions of an insurance company are not ordinarily thought of as retail transactions," and lists "[i]nsurance; mutual, stock and fraternal benefit, including insurance brokers, agents, and claims adjustment offices" as establishments to which the § 7(i) exemption does not apply. 29 C.F.R. §§ 779.316 and 779.317 (2005).

9. At all relevant times, Mr. Malerba was paid an hourly rate equal to the minimum wage in Massachusetts. Additionally, Mr. Malerba was paid certain additional amounts as commissions for weeks in which he sold insurance products on behalf of Elements Insurance.

10. The Defendants should have paid Mr. Malerba one and one half times (1.5x) his regular hourly rate for all hours worked in excess of forty (40) hours in a week.

11. Plaintiff often worked more than forty (40) hours per week.

12. During weeks that Mr. Malerba worked more than 40 hours in a week, he was told by management, including Mr. Harris, to record fewer than 40 hours for payroll. Indeed, Mr. Malerba worked many hours per week "off the clock."

13. Plaintiff was never paid one and one half times (1.5x) his regular hourly rate for hours worked in excess of forty (40) in a week.

14. Despite the fact that they promised to do so in their offer letter, Defendants did not even pay Plaintiff at a rate of time and a half (1.5x) times the minimum wage when he worked more than forty (40) hours per week.

15. Indeed, Defendants did not pay Mr. Malerba any wages for hours worked over forty (40) hours in a week.

16. The Defendants did not track "the hours worked each day and each week by each employee" as required by M.G.L. c. 151 §15.

17. In stark violation of Massachusetts and Federal law, Elements has a policy of providing employees with so-called "comp time" which deprives employees of overtime payments in certain weeks. Indeed, on December 5, 2017, Ms. Harris testified, under oath, that "…one could go over 40 hours in a given week, but those hours are to make up hours for another week where they may have only worked 20 hours…"

## COUNT I
### VIOLATIONS OF M.G.L. c. 149, §§ 148, 150; c. 151, § 1A-1B
(As to all Defendants)

18. The Plaintiff incorporates paragraphs 1 through 17 above as if fully set forth herein.

19. Pursuant to M.G.L. c. 151, § 1A-1B the Defendants were required to pay the Plaintiff an hourly rate equal to one and one-half times his regular hourly rate for all the hours that he worked in excess of 40 (forty) during any given week.

20. As detailed above, the Plaintiff regularly worked over 40 (forty) hours each week.

21. The Defendant did not pay the Plaintiff for the hours that he worked in excess of 40 (forty) during any given week at an hourly rate equal to one and one-half times his regular rate of pay, or even his regular rate of pay, when such wages were due and payable under M.G.L. c. 149, § 148.

22. As a direct result of the failure by the Defendant to fully and timely compensate the Plaintiff for all the hours that he worked in excess of 40 (forty) during any given week when the wages for those hours were due and payable, he has lost wages and suffered damages in amount to be proven at trial, including treble damages, statutorily prescribed interest, costs, and, attorneys' fees.

## COUNT II
### VIOLATIONS OF 29 U.S.C. 207(a)(1)
(As to all Defendants)

23. The Plaintiffs re-allege and incorporate paragraphs 1 through 22 above as if fully set forth herein.

24. As described above, Mr. Malerba regularly worked more than 40 hours each week during his tenure with Elements.

25. Despite regularly working in excess of 40 hours in certain weeks, Defendants did not pay the Plaintiff an hourly rate equal to one and one half times his regular hourly rate for all of the hours that he worked in excess of 40 during multiple pay periods.

26. Accordingly, Defendants' failure to pay the Plaintiff an hourly rate equal to one and one half times his regular hourly rate for all of the hours that he worked in excess of 40 caused him to suffer damages in an amount to be proven at trial.

## COUNT III
### VIOLATIONS OF M.G.L. c. 149 §§ 148; 150.
(As to all Defendants)

27. The Plaintiff re-alleges and incorporates paragraphs 1 through 26 above as if fully set forth herein.

28. Elements failed to pay Mr. Malerba all the wages that were due and payable to him at the end of each pay period.

29. Consequently, Mr. Malerba is entitled treble damages (3x) for all wages not paid each pay period under the FLSA. See Lambirth v. Advanced Auto, Inc., 140 F.Supp.3d 108, 111-112 (D. Mass. 2015).

### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays that this Honorable Court:

i. Enter judgment on Counts I, II and III, and award treble damages, attorneys' fees, costs, and statutorily prescribed interest;

ii. Such other and further relief that the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues so triable.

PLAINTIFF JARON MALERBA

By his attorney,

_____
John Regan BBO #684326
Employee Rights Group, LLC
43 Bowdoin Street, Ste. A
Boston, MA 02114
T: (857) 277-0902
F. 857-233-5287
jregan@maemployeerights.com

Dated: February 1, 2018.